## STATE *v.* WOODBURY & a.

The selectmen of a town are liable to indictment and fine for neglecting to appoint an agent for the sale of spirituous liquor for use in the arts and in medicine, according to the statute of 1855, for the suppression of intemperance.

THIS was an indictment against the respondents, who are selectmen of the town of Wilmot, in said county, for not appointing an agent or agents for the sale of spirituous and intoxicating liquor in said Wilmot, under the provisions of the law passed July 14, 1855.

The indictment alleged that "at an annual meeting of the legal voters of the town of Wilmot, in the county of M., which was duly and legally notified, and duly and legally holden in the town of W. aforesaid, on, &c., for the choice of State and county officers, and of all necessary town officers for said town of W., and for other purposes, J. W., jr., of said W., esquire; J. P. B., of said W., yeoman, and C. L., of said W., yeoman, at said W., were duly elected selectmen of said town of W. for the year then commencing, and were then and there duly qualified and sworn to do and perform all the duties of selectmen of said town of W., for the then ensuing year, and that they, the said J. W., jr., J. P. B., and C. L., upon, &c., commenced their duties as selectmen of said town of W., and ever since that time have acted, and still continue to act, as selectmen of said town of W., and during all the time aforesaid were and still are selectmen of said town of Wilmot; and the jurors, &c., that it became and was by law the duty of them, the said J. W., &c., as selectmen as aforesaid, in the month of April last past, to appoint one or more suitable persons, not exceeding three, agents for said town of W., for the purchase of spirituous and intoxicating liquors, and for the sale thereof within said town of W., to be used in the arts, or for medicinal, mechanical and chemical purposes, and wine for the commemoration of the Lord's Supper, and for no other use or purpose whatever; and the jurors, &c., that they, the said J. W., &c., at, &c., during all

State *v.* Woodbury.

the time aforesaid, acting and being selectmen as aforesaid, and well knowing their duty in this behalf, but in no wise regarding it, did unlawfully, knowingly, willfully and unjustly neglect and refuse, during all the month of April, last past, to appoint any suitable person or persons, agent or agents for said town of W., for the purchase of spirituous and intoxicating liquors, and for the sale thereof within said town of W., to be used in the arts, or for medicinal and mechanical purposes, and wine for the commemoration of the Lord's Supper, or for either of those purposes, and that they, the said J. W., &c., as selectmen as aforesaid, at, &c., ever since said month of April last past, have unlawfully, knowingly, willfully and unjustly neglected and refused, and still do unlawfully, knowingly, willfully and unjustly neglect and refuse to appoint one or more person or persons, agent or agents for the purposes aforesaid, though often requested so to do, contrary, &c., and against, &c.

In the warrant for the annual town-meeting for 1856, the year in which the offence is alleged, was the following article :

ART. 10. To see what sum of money the town will raise and appropriate for the purchase of spirituous liquors, and to pay the expenses of the agency.

At the annual town meeting, held on the 11th day of March, 1856, the town voted to indefinitely postpone said article, and the selectmen, the town having refused to provide means for the establishment of an agency, declined to appoint an agent.

*George & Foster*, for the defendants.

1. The legislature has no constitutional right to involve a town in the business of the sale of spirituous liquor. It is not within the scope of municipal authority. On the same principle a town might be authorized to engage in the flour or West-India goods business, and every individual in the town become, without his consent, a member of a trading partnership, and be individually liable for the results.

A town is a purely municipal and not a trading corporation, and when the principles of a trading corporation are ingrafted

State *v.* Woodbury.

upon it, there can be no limit assigned, either as to the kind or extent of trade in which it may become engaged.

2. Section 3 of chap. 43, of the Revised Statutes, provides that the selectmen shall seasonably assess all taxes duly voted in their town; and this is the only authority the selectmen have to assess town taxes. In this case the town refused to vote any tax for carrying on the liquor agency. The selectmen, therefore, had no power to assess a tax for the purpose of carrying on the agency. Being thus deprived of all power, can they be held criminally liable for not doing what they were deprived of all power to do ? If the law establishing the agency be held constitutional, is not the remedy against the town for not voting the necessary means ; the law making no special provision for the assessment of any tax for the support of the agency ?

BELL, J. Public officers are liable to indictment for any gross neglect of official duty, when no penalty otherwise recoverable is prescribed by law. *Otis* v. *Strafford,* 10 N. H. 355 ; *Flower* v. *Allen,* 5 Cowen 654 ; *Minklear* v. *Rockfeller,* 6 Cowen 276.

By the statute of 1855, ch. 1658, sec. 7, " the selectmen of every town and place, in the month of April in each year, shall appoint one or more suitable persons, not exceeding three, agents for such town or place for the purchase of spirituous and intoxicating liquors, and for the sale thereof within such town or place, to be used in the arts, or for medicinal, mechanical and chemical purposes, and for no other use or purpose whatever."

The indictment charges a violation of the duty thus imposed.

It seems the selectmen declined to appoint an agent, because the town, upon the subject being brought before them, by a proper article in the warrant for a town meeting, refused to provide the means to purchase the stock in trade of the agency.

The act contains no express provision that the town shall furnish the requisite funds ; and it does contain a provision that the agent shall not be in any way, except as one of the inhabitants of the town, interested in the liquor, or in the purchase or sale of it, or in the profits of the business.

State v. Woodbury.

The question here is, if the selectmen can excuse themselves for the neglect to perform their duty, because of the refusal of the town to provide the capital necessary to enable the agent to perform his duties.·

It is not clear to the court that the expenses of this agency, and the funds necessary to procure a stock of liquors for sale, are not to be regarded as part of the ordinary expenses; or, as they are called in the statutes, the necessary charges of the town, to be defrayed from the taxes raised for the ordinary purposes of the town; so that no specific tax or specific appropriation of money by the town was required, and no neglect of duty could be attributed to the town for not specifically providing such funds. However this may be, the misconduct of the town, if it was such, their failure to do what seems to have been regarded as their part of the duty in carrying out this law, can furnish no justification or legal excuse for the selectmen in neglecting their duty. Every person upon whom the law has imposed a duty clearly and unequivocally is bound to perform it, regardless of the question whether others may or will perform theirs or not.

In this case, if the selectmen had appointed an agent, we are bound to presume that the town, notwithstanding their refusal at the annual meeting, would have provided the necessary funds, if it was necessary for them to do it. They may put forward the excuse, that by the misconduct of the selectmen there was no agency, and it would answer no useful purpose to provide funds.

A criminal prosecution is not, in our judgment, the judicious mode of reaching either the selectmen, or the town. There are probably civil proceedings much better adapted to cure the mischief complained of. There is not the slightest reason to suppose that either the selectmen or the town would obstinately refuse to do their duty, if they were satisfied what they ought to do. But the statute is deficient in its provisions, and it was probably doubtful to them how far they were bound to act. A civil proceeding, requiring them to do what the court should have decided to be their duty, would have been readily obeyed.

As towns are public corporations established for the adminis-

State *v.* Woodbury.

tration of the municipal affairs, and the regulation of the police within their limits, there seems no serious doubt of the constitutional power of the legislature to impose upon them and their officers such duties as are here in question. The objections made as to this point relate rather to the expediency of its exercise, which is not a subject for our consideration.

Under the circumstances shown by the case, though we think the indictment maintainable, yet the court is not called upon, in the exercise of its discretion, to impose more than a nominal fine and a moderate amount of costs.